Betty J. DOWLEN, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–2035.

United States Court of Veterans Appeals.

Dec. 1, 1992.

Betty J. Dowlen, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard Mayerick, Wilmore, KY, were on the pleadings for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

FARLEY, Associate Judge:

This is an appeal from a July 21, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which found as a matter of law that appellant "cannot be recognized as the surviving spouse of the veteran for dependency and indemnity compensation benefits due to her remarriage." *Betty J. Dowlen in the case of Robert L. Poppe,* BVA _____, at 4 (July 21, 1991).

The underlying facts are not in dispute. Appellant was married to veteran, Robert L. Poppe, at the time he was killed in action in 1952 during the Korean Conflict. R. at 1. Appellant applied for and received dependency and indemnity compensation (DIC) as the unremarried widow of the veteran. R. at 9, 13, 15, 17, 20. Appellant was advised that "compensation to or for a widow will be discontinued upon her remarriage or death." R. at 13. On November 20, 1954, appellant remarried and DIC payments were terminated. R. at 18, 20. Appellant's second husband filed for divorce in January 1990 and appellant "signed the divorce papers on October 26, [1990]." R. at 40. The divorce became final on November 9, 1990. R. at 45. On December 3, 1990, appellant submitted a request to the Department of Veterans Affairs (VA) to have DIC benefits reinstated. R. at 27, 28; *see also* Appellant's Brief at 1. Her request was denied by letter dated January 7, 1991. R. at 28. Appellant's Notice of Disagreement was received by the VA on January 14, 1991 (R. at 29), and her appeal was perfected on February 22, 1991. R. at 36. The BVA ruled that appellant was not eligible for reinstatement of DIC benefits in its decision of July 21, 1991. *Dowlen,* BVA _____, at 4 (July 21, 1991).

Prior to 1990, 38 U.S.C. § 103(d) permitted reinstatement of DIC payments for remarried surviving spouses whose subsequent disqualifying marriages terminated by death or divorce. Section § 8004(a)(1) of Public Law 101–508 eliminated that provision and § 8004(b) specifically stated that the amendment "shall apply with respect to claims filed after October 31, 1990." However, § 103(a) and (b) of Public Law 102–568, passed on October 29, 1992, renders § 8004 inapplicable in certain cases:

(a) EXCEPTION.—The amendments made by section 8004 of the Omnibus Budget Reconciliation Act of 1900 (105 Stat. 424)

shall not apply to any case in which a legal proceeding to terminate an existing marital relationship was commenced before November 1, 1990, by an individual described in subsection (b) if that proceeding directly resulted in the termination of such marriage.

(b) COVERED INDIVIDUALS.—An individual referred to in subsection (a) is an individual who, but for the marital relationship referred to in subsection (a), would be considered to be the surviving spouse of a veteran.

As this Court held in *Karnas v. Derwinski,* 1 Vet.App. 308 (1991):

> where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant ... will apply unless Congress provided otherwise....

*Id.* at 313.

Upon consideration of the record, including appellant's informal brief and the Secretary's motion for summary affirmance, the Court holds that a remand is required for reconsideration of appellant's claim in light of the recent passage of Public Law 102–568, and this Court's decision in *Karnas, supra.* Accordingly, the Secretary of Veterans Affairs' motion for summary affirmance is DENIED and the July 21, 1991, decision of the Board of Veterans' Appeals is VACATED and the matter is REMANDED for proceedings consistent with this opinion.