**Dolores N. FOURNIER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–408.**

United States Court of Veterans Appeals.

April 16, 1993.

As Amended April 20, 1993.

Before KRAMER, Associate Judge.

## MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Dolores N. Fournier, appeals a November 27, 1991, decision of the Board of Veterans' Appeals (BVA) which denied appellant entitlement to dependency and indemnity compensation (DIC) as the surviving spouse of the veteran. The Secretary of Veterans Affairs (Secretary) has filed a motion for remand and to stay further proceedings. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

Appellant was married to veteran, Gerald J. Bona, at the time he was killed in the performance of his military duties in 1958. R. at 1. Appellant applied for and received DIC as the unremarried widow of the veteran. Br. of Appellant at 2–3. Thereafter, she was remarried in June 1959, September 1969, and January 1987 with each remarriage terminating by divorce. *Id.* Following each divorce and prior to each remarriage, appellant applied for and received DIC benefits. *Id.* Appellant received DIC benefits until July 1990 when she married her fifth husband. R. at 19. On November 16, 1990, appellant was granted a divorce. R. at 21. Also on the same date, appellant reapplied for DIC. R. at 24.

The Department of Veterans Affairs Regional Office (RO) denied appellant's claim on the basis of the Omnibus Budget Reconciliation Act of 1990 which applied to all claims filed after October 31, 1990, and which barred a remarried surviving spouse from receiving benefits upon termination of the remarriage, unless the remarriage was annulled or otherwise declared void by a court of competent jurisdiction. R. at 27, 34. In April 1991 appellant was granted an annulment of her fifth marriage by a Nevada state court. R. at 35–36. Despite the annulment, her claim was again denied by the RO on the basis that she had previous remarriages which ended by divorce. R. at 42. The BVA denied appellant's claim on the same ground, and found that appellant's claim was not well grounded. *Dolores N. Fournier in the Case of Gerald J. Bona*, BVA 91–38080, at 3–4 (Nov. 27, 1991).

Prior to 1990, 38 U.S.C. § 103(d) permitted reinstatement of DIC to remarried surviving spouses upon the termination of their disqualifying marriages by death, divorce, annulment, or if the remarriage was declared void. This provision was amended by the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 8004(a) and (b), 104 Stat. 1388–343 (1990) (1990 Act), which eliminated the death and divorce provisions, thus continuing to allow reinstatement only if the remarriage was declared

annulled or void, and applied to "claims filed after October 31, 1990." However, § 502 of the Veterans' Benefits Programs Improvement Act of 1991, Pub.L. No. 102–86, 105 Stat. 424 (1991) (quoted in 38 U.S.C.A. § 103 note (West 1991)) (1991 Act), effective August 14, 1991, provides:

> The amendments made by section 8004 of the [1990 Act] ... shall not apply with respect to any individual who on October 31, 1990, was a surviving spouse ... within the meaning of title 38, United States Code, [section 101(3) which precludes status as a surviving spouse upon remarriage even if later terminated].

The legislative history of the 1991 Act provides, inter alia, that the legislation was passed "to provide reinstatement eligibility for ... [DIC] for surviving spouses ... *whose disqualifying marriages ended prior to November 1, 1990.*" Explanatory Statement on H.R. 1047, 102d Cong., 1st Sess. (1991), *reprinted in* 1991 U.S.C.C.A.N. 181, 191 (emphasis added). Additionally, § 103(a) and (b) of Pub.L. No. 102–568, 106 Stat. 4322 (1992) (to be appended at 38 U.S.C.A. § 103 note) (1992 Act), effective October 29, 1992, renders § 8004 inapplicable in certain cases:

> (a) EXCEPTION.—The amendments made by section 8004 of the [1990 Act] ... shall not apply to any case in which a legal proceeding to terminate *an existing marital relationship* was commenced before November 1, 1990, by an individual described in subsection (b) if that proceeding directly resulted in the termination of such marriage.
>
> (b) COVERED INDIVIDUALS.—An individual referred to in subsection (a) is an individual who, *but for* the marital relationship referred to in subsection (a), would be considered to be the surviving spouse of a veteran.

(Emphasis added.)

Upon a review of the record on appeal, the filings of the parties, and the 1991 and 1992 Acts, the Court concludes, first, that appellant's claim is well grounded. *See White v. Derwinski*, 1 Vet.App. 519, 521 (1991); *Karnas v. Derwinski*, 1 Vet.App. 308 (1991). Second, the Court concludes that a remand is necessary for the BVA to analyze the applicability of the relevant statutory provisions. *See* Motion of Secretary; *Dowlen v. Principi*, 3 Vet.App. 507 (1992).

In the event that a decision is rendered by the BVA granting appellant entitlement to DIC, the BVA shall provide reasons or bases for its decision. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). In the event that a decision is rendered by the BVA denying appellant entitlement to DIC, the BVA, as part of its decision, shall respond to the following:

1. Is the 1991 Act, as literally written, a nullity in that under 38 U.S.C.A. § 101(3) (West 1991), no one who has remarried can be a surviving spouse, or must it be read, as the legislative history indicates, "to provide reinstatement eligibility for ... [DIC] for surviving spouses ... whose disqualifying marriages ended prior to November 1, 1990?"

2. In the event of the latter construction, does it eliminate appellant's otherwise disqualifying fifth marriage?

3. Does the answer to question 2 depend upon whether appellant's annulment was effective as of the date of her fifth marriage, July 1990, or the date of the annulment decree, April 1991?

4. What is the effective date of appellant's annulment decree?

5. Does the term "existing marital relationship" in the 1992 Act mean a relationship existing as of the effective date of the act, October 29, 1992, or does it mean any marriage that was in existence on October 31, 1990, or does it mean any marital relationship existing on or before October 31, 1990?

6. What is the date appellant filed for divorce from her fifth husband?

7. If the 1991 Act, independent of the 1992 Act, eliminated appellant's disqualification because of marriages two, three, and four, but not marriage five, and the term "existing marital relationship" in the 1992 Act does not include all remarriages existing on or before October 31, 1990 (marriages two through five), so as

to put all such marriages within the scope of the "but for" provision of § 103(b) of the 1992 Act, do marriages two, three, and four preclude the application of § 103(b)?

8. Appellant's argument, appearing in her brief at pages 11–12, to the effect that her claim is not a new claim filed after October 31, 1991, but rather, that it constitutes a request to restore DIC benefits under an existing claim which predated October 31, 1991.

While the Court recognizes that evaluation of these issues is complex and difficult, nevertheless, the issue of whether they must be addressed is of relative simplicity and not reasonably debatable. Summary disposition is therefore appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). The Court grants the Secretary's motion and vacates and remands the BVA decision for proceedings consistent with this decision.