**John J. FISCHER, Appellant,**

**v.**

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–1420.**

United States Court of Veterans Appeals.

March 18, 1998.

the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the Board's September 26, 1996, decision with respect to the veteran's claim for non-service-connected pension benefits and vacate and remand the decision as to the matter of the veteran's claim for an increased rating for residuals of a gunshot wound.

## I.

The veteran served on active duty in the U.S. Army from October 1958 to February 1962. Record (R.) at 17. In November 1960, the veteran suffered a gunshot wound to his left lower forearm. R. at 53–60. In December 1971, the veteran was awarded service connection for residuals of the gunshot wound. R. at 103–04. Mr. Fischer was assigned a 10% disability rating pursuant to 38 C.F.R. § 4.56, Diagnostic Code (DC) 5307. R. at 104. In December 1978, the veteran filed a claim for an increased rating. R. at 106. In February 1979, the veteran was given a VA medical examination (R. at 110–14), and on March 20, 1979, the regional office (RO) confirmed its prior decision awarding a 10% disability rating. R. at 108. The veteran appealed that decision and, on August 2, 1979, the Board affirmed. R. at 116–19. The Board's decision, however, identified DC 5308 as the applicable rating code. R. at 119. The veteran filed three more claims for an increased rating in 1989 and 1994, and the RO issued confirmed rating decisions in April 1989, March 1994, and August 1994. R. at 125, 130, 151–52. The veteran filed a Notice of Disagreement (NOD) with the August 1994 rating decision on September 2, 1994. R. at 156.

In November 1994, the veteran filed a claim for non-service-connected pension benefits. R. at 199. The RO notified the veteran by letter dated December 16, 1994, that only veterans with wartime service are eligible for pension benefits. R. at 205. Because the veteran did not have wartime service, his claim was denied. *Id.* The veteran filed an NOD on August 4, 1995, arguing that the different treatment of wartime and non-wartime veterans is unconstitutional. R. at 207.

John J. Fischer, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Michael Leonard, Deputy Assistant General Counsel; and Michael R. Smalls, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

FARLEY, Judge:

This is an appeal from a September 26, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied the veteran's claim for an increased rating for his service-connected residuals of a gunshot wound to his left forearm and denied his claim for non-service-connected disability pension benefits. This appeal is timely and

The issues addressed by the Board in its 1996 decision were (i) an increased rating for residuals of a gunshot wound of the left forearm and (ii) basic eligibility for non-service-connected pension benefits. R. at 4. The veteran argued on appeal that his rating should be based on DC 5308, rather than 5307. The Board found that DC 5307 was the appropriate diagnostic code and concluded that the preponderance of the evidence was against the veteran's claim for an increased rating for residuals of the gunshot wound. R. at 4–14. The Board also found that the veteran did not meet the basic eligibility requirements for non-service-connected pension benefits. *Id.* This appeal followed.

## II.

### A. Increased Rating for Residuals of Gunshot Wound

■ The veteran's current 10% disability rating was evaluated pursuant to 38 C.F.R. § 4.56, DC 5307. *See* R. at 4–14. The most recent consideration of the applicable code was the September 1996 BVA decision. *Id.* As of July 3, 1997, however, the Schedule for Rating Disabilities of Muscle Injuries was amended. 62 Fed.Reg. 30235–40 (June 3, 1997). "[W]here the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to [the] appellant should ... apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so." *Karnas v. Derwinski,* 1 Vet.App. 308, 313 (1991). Accordingly, a remand of the veteran's claim for an increased rating is necessary for readjudication of the veteran's claim for an increased rating pursuant to the version of the rating schedule most favorable to him. *Karnas, supra; see also Dowlen v. Principi,* 3 Vet.App. 507 (1992).

### B. Eligibility for Non–Service– Connected Benefits

■ To establish entitlement to VA non-service-connected pension benefits under 38 U.S.C. § 1521, a veteran must show (1) that he served during a period of war for a requisite period of time; (2) that he is permanently and totally disabled; and (3) that his income meets a certain income standard. *See also* 38 C.F.R. § 3.3(a)(3) (1997); *Odiorne v. Principi,* 3 Vet.App. 456, 460 (1992); *Brown v. Derwinski,* 2 Vet.App. 444, 446 (1992); *Roberts v. Derwinski,* 2 Vet.App. 387, 389 (1992); *Ferraro v. Derwinski,* 1 Vet.App. 326, 333 (1991); *Hyder v. Derwinski,* 1 Vet. App. 221, 223 (1991). Pursuant to 38 C.F.R. § 3.2(f) (1997), the Vietnam era is defined as the period beginning on February 28, 1961, and ending on May 7, 1975, for veterans who served in the Republic of Vietnam during that period. In all other cases, it is defined as the period beginning on August 5, 1964, and ending on May 7, 1975. 38 U.S.C. § 101(29); 38 C.F.R. § 3.2(f). The veteran served on active duty until February 1962, but did not serve in the Republic of Vietnam. His service is therefore not considered to be "during a period of war," and he does not meet the basic eligibility requirements for non-service-connected benefits. *See* 38 U.S.C. § 1521; 38 C.F.R. §§ 3.2, 3.3.

■ The veteran argued before the Board and argues here on appeal that the eligibility requirements for non-service-connected benefits are unconstitutional because they treat wartime veterans differently than non-wartime veterans, and veterans who served in the Republic of Vietnam differently than those who served elsewhere. There is a "strong presumption of constitutionality attending laws providing for governmental payment of monetary benefits." *Talon v. Brown,* 999 F.2d 514 (Fed.Cir.), *cert. denied,* 510 U.S. 1028, 114 S.Ct. 643, 126 L.Ed.2d 601 (1993) (citations omitted). It is well established that when such legislation is challenged under the equal protection component of the due process clause of the Fifth Amendment, the "rational basis" standard is the appropriate standard of judicial review. *Florentino v. Brown,* 7 Vet.App. 369, 370 (1995) (citing *Talon, supra* ). Under the "rational basis" test, unless the statute is "patently arbitrary and irrational," it will withstand constitutional scrutiny. *Saunders v. Brown,* 4 Vet.App. 320, 325 (1993); *Hrvatin v. Principi,* 3 Vet.App. 426, 429 (1992). As noted in the Board's decision, laws restricting the payment of VA benefits in the inter-

est of saving federal resources have been held constitutional even where disparate treatment may result. R. at 13; *see also Quiban v. Veterans Administration,* 928 F.2d 1154 (D.C.Cir.1991); *Strott v. Derwinski,* 1 Vet.App. 114 (1991). In *Talon, supra,* the Federal Circuit upheld this Court's determination that 38 U.S.C. § 107, deeming certain service in the organized military forces of the Government of the Commonwealth of the Philippines non-qualifying for certain VA benefits, is constitutional:

> The fact that the estimated cost of extending full benefits to veterans of the Philippine Army would be $2 billion annually, is itself a sufficient basis upon which Congress could rationally exclude Philippine veterans from the pension benefits involved in this case.

999 F.2d at 517. In this case, the Court concludes that, in the interest of saving governmental resources, it is not "patently arbitrary and irrational" to treat wartime veterans differently than non-wartime veterans for the purpose of awarding pension benefits and to treat veterans who served in the Republic of Vietnam differently from those who served elsewhere for the purpose of defining wartime service.

### III.

Upon consideration of the record and the briefs of the parties, the BVA decision is VACATED in part, and the matter of the appellant's claim for an increased rating for residuals of his gunshot wound is REMANDED for adjudication under the rating code most favorable to the appellant. *See Karnas, supra.* With respect to the appellant's claim for non-service-connected pension benefits, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert, supra.* Accordingly, the portion of the Board's decision

denying the appellant's claim for pension benefits is AFFIRMED.