# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-445

OLGA H. DORWARD,                                          APPELLANT,

   V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                           APPELLEE.


Before NEBEKER, *Chief Judge*, and KRAMER and STEINBERG, *Judges*.

## O R D E R

On September 22, 1999, the Court, in a single-judge memorandum decision, affirmed the March 3, 1998, decision of the Board of Veterans' Appeals (Board). On October 4, 1999, the appellant, through counsel, filed a motion for reconsideration and a motion for a decision by a panel. For the reasons that follow, the Court will deny the appellant's motions.

The appellant was awarded dependency and indemnity compensation (DIC) under a liberalizing change in law. *See* 59 Fed. Reg. 29, 724 (1994); *see also* Record (R.) at 63, 65, 67. An effective date earlier than that provided for by 38 U.S.C. § 5110(g), which governs effective dates for awards based on liberalizing changes in law, was apparently improperly assigned by the RO (an error the Board indicated it could do nothing about (R. at 7)). Nevertheless, in her motion for reconsideration, the appellant appears to argue that any denial of DIC prior to the enactment of the liberalizing law constitutes a denial of equal protection. The logical result of the appellant's position would appear to be that any liberalizing change in law could not have an effective date on or after its enactment, but rather would have to be totally retroactive to some undefined point in time. The appellant cites no authority in support of this proposition. Further, although the appellant has not attacked the validity of section 5110(g), the Court notes that it appears to be valid. *See generally Fischer v. West*, 11 Vet.App. 121, 123 (1998) ("rational basis" standard is appropriate standard of judicial review when laws providing for governmental payment of monetary benefits are challenged under equal protection component of Fifth Amendment Due Process Clause); *id.* at 123-24 (noting that laws restricting payment of VA benefits to save federal resources have been held constitutional even where disparate treatment may result). Moreover, if the Court were to hold that section 5110(g) was not for application, which is in essence what the appellant requests, it appears that such a holding would violate *OPM v. Richmond*, 496 U.S. 414, 416 (1990) ("payments of money from the Federal Treasury are limited to those authorized by statute").

In her motion for reconsideration, the appellant further appears to argue that denial of an earlier effective date is a denial of equal protection because certain plaintiffs in *Nehmer v. U.S. Veterans' Admin.*, 712 F.Supp. 1404 (N.D. Cal. 1989), were provided effective dates "based on the

later of either the date the claim was filed or the date on which the disability or death occurred," rather than pursuant to 38 U.S.C. § 5110(g). The Court notes that the appellant made similar assertions, without any supporting authority, in her brief and reply brief. *See* U.S. VET. APP. R. 28(a)(5) ("appellant's brief must contain . . . an argument . . . with citations to the authorities and parts of the record relied on"). Although the Court is still disinclined to address this issue, given the lack of supporting authority, the Court notes that even if the appellant had validly raised a challenge on equal protection grounds as to a classification established by, or as a result of, the *Nehmer* opinion, there need only be a rational basis for such classification to withstand an equal protection challenge. *See Latham v. Brown*, 4 Vet.App. 265, 266-67 (1993) ("unless a classification is suspect, such as where it is predicated on race or alienage, or where it involves a fundamental right, such as voting, it need meet only the rational basis test"); *see also Bolling v. Sharp*, 347 U.S. 497, 499 (1954) (applying Fourteenth Amendment Equal Protection Clause to federal government through Fifth Amendment Due Process Clause). The Court further notes that it would not be difficult to find a rational basis for treating claimants whose claims had been denied under an invalidated regulation differently from claimants whose claims have never been denied under that invalidated regulation.

In sum, the appellant appears to have been awarded an effective date more generous than that provided for by section 5110(g), and the Court is unaware of any other provision of law or constitutional requirement that would provide for an earlier effective date.

Upon consideration of the foregoing and the record on appeal, it is by the single judge

ORDERED that the appellant's motion for reconsideration is DENIED. It is by the panel

ORDERED that the appellant's motion for a decision by a panel is DENIED.

DATED: January 24, 2000                          PER CURIAM.

2