# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-4155

ROBERT DAVIS,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 01 C 6368—**Amy J. St. Eve**, *Judge*.

ARGUED DECEMBER 4, 2003—DECIDED JULY 12, 2004

Before BAUER, EASTERBROOK, and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge*. On August 17, 2001, Robert Davis
filed an action under the Federal Tort Claims Act ("FTCA"),
28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the United States
following a transurethral resection of his prostate per-
formed at the Veterans Administration Hospital. He sought
$1,000,000 in damages. After a bench trial, the court found
the United States liable for medical malpractice and
requested that the parties submit supplemental memo-
randa on damages.

On November 7, 2002, the district court awarded Davis
damages in the total amount of $279,875 computed as

follows: a) $225,000 for loss of normal life; b) $25,000 for pain and suffering; c) $4,875 for economic damages; and d) $25,000 for the aggravation of Davis' post-traumatic stress disorder caused by the breach of the standard of care. In this appeal, Davis challenges the district court's damages determination as to the loss of his VA benefits and the damages awarded for pain and suffering. We affirm.

## BACKGROUND

Davis, a veteran of the United States Air Force, sought medical treatment at the North Chicago VA hospital in February 1999. At that time he complained of painful urination, frequent urination at night, and hesitancy in urination. Dr. Gerard Adrien examined Davis, determined that he had an enlarged middle lobe of the prostate, and recommended a transurethral incision of the prostate ("TUIP"). No tissue is removed from the prostate with a TUIP. However, on March 4, 1999, without obtaining Davis' consent, Dr. Adrien performed a transurethral resection of the prostate ("TURP") on Davis and removed tissue from his prostate. Dr. Adrien did not discuss the possibility of medication as an alternative to either the TUIP or TURP.

Prior to trial, the United States admitted that Dr. Adrien had breached the standard of care by failing to discuss all potential treatments with Davis and to disclose that he would perform a TURP rather than a TUIP. At trial, the issue was whether Davis had established by a preponderance of the evidence that the breach proximately caused his injuries. After hearing the evidence, the district court concluded that Davis had met his burden of demonstrating proximate causation with respect to the following injuries only: retro-

grade ejaculation, erectile dysfunction, incontinence, and aggravation of post-traumatic stress disorder ("PTSD").[1]

Aside from damages for loss of normal life, pain and suffering, emotional distress and aggravation of PTSD, Davis also indicated that he was seeking approximately $310,000 for lost disability pension and the cost of prescription medication. Davis contended that as a matter of law he would "presumptively" lose all of his VA disability benefits upon entry of a judgment in his favor. The trial judge found that he had not demonstrated he was entitled to those damages and declined to award them.

## DISCUSSION

*Standard of Review*

Under the Federal Tort Claims Act ("FTCA"), we review damages determinations under the clearly erroneous standard and the nature and measure of damages are assessed according to state law. *Doe v. United States*, 976 F.2d 1071, 1083 (7th Cir. 1992). The district court's damage award cannot be overturned "unless its factual basis is clearly erroneous." *Id.* This standard is only met when, after reviewing all of the evidence, we are left with the "definite and firm conviction" that a mistake has been made. *Savic v. United States*, 918 F.2d 696, 700 (7th Cir. 1990). Our task on appeal is "limited to inquiring whether the trial court abused its discretion; it is not to consider whether we personally would have made the same award." *Doe*, 976 F.2d at 1083.

---

[1] Prior to March 4, 1999, Davis had been an inpatient at North Chicago VA hospital for treatment of his post-traumatic stress disorder.

*Loss of VA Disability Benefits*

Davis argues on appeal that the district court erred by dismissing his request for additional damages as a remedy for the loss of his VA benefits upon receipt of the damage award in this case. The district court's rejection was based on its finding that he had not proven actual loss of benefits and that even if he could prove actual loss, he had not shown causation. The court stated, "It is difficult for the Court to say that the breach of the standard of care here caused any loss of VA benefits that Mr. Davis may receive, even if he could prove that he is going to lose those benefits." Davis App. at 8.

The district court made the correct determination, but it was not because Davis failed to prove the loss. Davis' VA benefits are based on his income; if his income changes, his benefits change. The fact that the VA is liable to Davis and that he is entitled to damages has very little to do with his right to income-based benefits.

38 U.S.C. § 1503 provides that annual income includes annuity payments. 38 U.S.C. § 1521(e) states that the pension rate shall be reduced to the amount of the veteran's annual income and 38 U.S.C. § 1522 allows for the denial or discontinuation of pension payments based upon the annual income of the veteran. The post-trial evidence Davis presented to the district court established that his pension rate would be affected by an increase in his annual income. This in itself does not entitle Davis to damages for loss of benefits nor does it demonstrate that the district court was in clear error.

Davis also contends that the district court erred in concluding that the breach of the standard of care did not cause the loss. Davis attempts to make a connection between the VA's malpractice and the presumptive loss of his pension benefits under 38 U.S.C. § 1521. To establish eligibility for benefits under § 1521, a veteran must meet the following

criteria: (1) service during a period of war; (2) total and permanent disability from non-service connected injury; and (3) less income than the maximum amount allowed by law for pension purposes. *Fischer v. West*, 11 Vet. App. 121, 122 (1998). Therefore, it is the increase in Davis' income, not the commission of the tort, that causes him to be rendered ineligible to receive a benefit reserved exclusively for indigent veterans whose disabilities are not service-related. The district court did not err in concluding that Davis was not entitled to damages based on the potential loss of VA benefits.

*Damage Award for Pain and Suffering*

Davis argues on appeal that the district court erred by limiting the damage award for pain and suffering to a two-month period. The court awarded Davis, in addition to other damages, $25,000 for pain and suffering. The district court stated that the compensation for pain and suffering beyond the two-month period was covered by the $225,000 awarded for loss of normal life. In its ruling on liability, the court found that Davis had established by a preponderance of the evidence that in the two months following the TURP he suffered various injuries typically attributable to surgery. After reviewing the evidence on record for this appeal, we find that the court made a reasonable determination of damages. As stated above, we will not disturb the district court's damages determination unless it is clearly erroneous; it is not enough that we may have given a different award.

Based on the above, we AFFIRM the conclusions and findings of the district court.

A true Copy:

  Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*