NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7105

FLOYD R. BURROW,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Floyd R. Burrow, of Chicago, Illinois, pro se.

Lisa L. Donahue, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:   United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7105


FLOYD R. BURROW,

>Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

>Respondent-Appellee.


_____

DECIDED:  August 15, 2007

_____


Before NEWMAN, LOURIE, and LINN, Circuit Judges.

NEWMAN, Circuit Judge.


Floyd R. Burrow seeks review of the decision of the Court of Appeals for Veterans Claims, denying his petition for a non-service-connected disability rating for pension purposes.  Burrow v. Nicholson, No. 04-1093 (Vet. App. Sept. 29, 2006).  We conclude that the Veterans court applied the correct law, and accordingly affirm that court's decision.

DISCUSSION

The issue before the Veterans court required application of 38 U.S.C. §1521 ("Veterans of a period of war") to Mr. Burrow's military service. To establish entitlement to non-service-connected pension benefits, a veteran must meet service requirements that include "serv[ice] in the active military, naval, or air service-for ninety days or more during a period of war." 38 U.S.C. §1521(j). The term "active military, naval, or air service" is defined under 38 U.S.C. §101(24):

> (A) active duty;
> (B) any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty; and
> (C) any period of inactive duty training during which the individual concerned was disabled or died-
> > (i) from an injury incurred or aggravated in line of duty;
> > (ii) from an acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident occurring during such training.

The regulations distinguish active duty and Army Reserve service. Pursuant to 38 C.F.R. §21.7020(b)(i)(A), "active duty" means "[f]ull-time duty in the Armed Forces, other than active duty for training." The regulations further provide that "[t]he term active duty does not include any period during which an individual . . . [s]erved . . . as a Reserve for service in the Army Reserve." 38 C.F.R. §21.7020(b)(ii)(C). Under 38 U.S.C. §101(29) and 38 C.F.R. §3.2, the period of war for the "Vietnam era" is defined as:

> §101(29)(A). The period beginning on February 28, 1961, and ending on May 7, 1975, in the case of a veteran who served in the Republic of Vietnam during that period.
> (B) The period beginning on August 5, 1964, and ending on May 7, 1975, in all other cases.

Mr. Burrow served on active duty in the United States Army from February 23, 1963 to April 20, 1964, and in the Army Reserve from April 22, 1964 to February 24, 1971. He

states that his Reserve unit was activated on January 31, 1968, but does not state that he returned to active service during a period of war. He has never served in the Republic of Vietnam. In the Veterans court Mr. Burrow argued that (1) the statute and regulations governing the period of war for Vietnam era veterans are ambiguous, and (2) it is unconstitutional for the VA to treat wartime veterans differently from non-wartime veterans or to treat those who served in Vietnam differently from those who did not.

Mr. Burrow argues that his Army Reserve service from April 22, 1964 to February 24, 1971 and the activation of his Reserve unit on January 31, 1968 collectively satisfy the eligibility requirement of §101(29)(B). The Court of Veterans Claims held that Mr. Burrow's active duty service from February 23, 1963 to April 20, 1964 outside of the Republic of Vietnam did not meet this requirement, and that his activated Reserve status was not "active service" as contemplated by the statute. Mr. Burrow does not argue, and the record does not reflect, that he served in active duty at any time on or after August 5, 1964. We conclude that the Veterans court correctly interpreted §38 U.S.C. §1521(j) and §38 U.S.C. §101(29)(B).

The Veterans court held that the statute and regulation are not ambiguous, and that "it is not 'patently arbitrary and irrational' to treat wartime veterans differently than nonwartime veterans for the purpose of awarding pension benefits or to treat veterans who served in the Republic of Vietnam differently from those who served elsewhere for the purpose of defining wartime service." Slip. Op at 3 (quoting Fischer v. West, 11 Vet. App. 131, 123 (1998)). We discern no merit to Mr. Burrow's constitutional argument that he has been denied equal protection of the law due to disparate treatment from Vietnam veterans.

The decision of the Court of Appeals for Veterans Claims is affirmed.

No costs.