NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY C. LAMM,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1063

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2651, Judge William A. Moorman.

---

Decided: March 15, 2016

---

JERRY C. LAMM, Hillsville, VA, pro se.

JOSEPH A. PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Jerry C. Lamm appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans Appeals ("the Board") decision denying his claim for non-service-connected pension benefits. We conclude that the Veterans Court applied the correct law, and accordingly *affirm*.

## BACKGROUND

Mr. Lamm served on active duty in the United States Army from October 1961 to October 1963. Mr. Lamm did not serve in Vietnam. After his discharge from active service, Mr. Lamm served in the Army Reserves.

In March 2009, Mr. Lamm applied for non-service-connected pension benefits. His application was denied at the Department of Veterans Affairs Regional Office because he lacked the required period of wartime service. Mr. Lamm appealed to the Board and then the Veterans Court, which both affirmed that Mr. Lamm did not serve during a "period of war." We are asked to review the Board determination that Mr. Lamm is not entitled to non-service-connected pension benefits. We have jurisdiction pursuant to 38 U.S.C. § 7292 (2002).

## ANALYSIS

Our review of Veterans Court decisions is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The issue before the Veterans Court required interpretation of 38 U.S.C. § 1521 ("Veterans of a period of war").

Veterans must meet certain requirements before they are entitled to receive federal non-service-connected pension benefits. One such requirement is service that occurred during a "period of war." 38 U.S.C. § 1521(j). A veteran meets this requirement if the veteran served in the "active military, naval, or air service" either (1) for ninety days or more during a "period of war," (2) during a "period of war" and was discharged or released from such service for a service-connected disability, (3) for a period of ninety consecutive days or more and such period began or ended during a "period of war," or (4) for an aggregate of ninety days or more in two or more separate periods of service during more than one "period of war." 38 U.S.C. § 1521(j).

The term "active military, naval, or air service" includes "active duty," or certain statutorily defined periods of active or inactive duty training during which an individual becomes disabled or dies. 38 U.S.C. § 101(24). Service through enlistment in the Army Reserve does not constitute "active duty" service. 38 C.F.R. § 21.7020(b)(ii)(C) (2007).

Congress has defined the "period of war" for the Vietnam era separately for those who served in Vietnam and those who did not. 38 U.S.C. §§ 101(11) and § 101(29). The period from February 28, 1961 to May 7, 1975 is the "period of war" for veterans who served in Vietnam. *Id.* at § 101(29)(A). For veterans who did not serve in Vietnam, the "period of war" includes only the period from August 5, 1964 to May 7, 1975. *Id.* at § 101(29)(B).

As Mr. Lamm does not dispute that he falls into neither category under 38 U.S.C. § 101(29), as he neither served in Vietnam nor served in the period from August 5, 1964 to May 7, 1975, there is no doubt that he did not serve in a "period of war" as Congress has defined that term.

Mr. Lamm's briefing refers this court to certain life-and-death situations he faced while on active duty in Germany. He argues that his service in these combat-type situations should be considered wartime service. While Mr. Lamm may have faced life-threatening situations in Germany, the Veterans Court applied the correct law in determining that these experiences do not constitute service during a "period of war" as Congress requires under 38 U.S.C. § 1521. To the extent that Mr. Lamm argues that the Veterans Court erred in applying this law to the facts of his case, this court does not have jurisdiction to review such questions.

Mr. Lamm's briefing repeatedly cites to 38 U.S.C. § 501(a) as supporting his claim for benefits and establishing that, in a combat situation, any disputed issue is decided in favor of the veteran. While that provision merely establishes the Secretary of Veterans Affairs' authority to prescribe rules and regulations, it appears from Mr. Lamm's reply brief that he is intending to refer to 38 C.F.R. § 3.102.[1]

That regulation implements 38 U.S.C. § 5107, which establishes the standard of proof that applies in determining veterans benefits claims. *Peterson v. United States*, 104 Fed. Cl. 196, 208 (2012). That statute establishes

---

[1] An excerpt from Mr. Lamm's Statement of the Case attached to his reply brief indicates that this regulation, 38 C.F.R. § 3.102, was issued under the authority of 38 U.S.C. 501(a).

what is called the "benefit of the doubt" doctrine. *Id.* Under the "benefit of the doubt" doctrine, if, after the Secretary has considered all the evidence in a case, the positive and negative evidence regarding any material issue are approximately the same, "the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). The regulation implementing the statute indicates that the doctrine applies "even in the absence of official records, particularly if the basic incident allegedly arose under combat, or similarly strenuous conditions, and is consistent with the probable results of such known hardships." 38 C.F.R. § 3.102.

The "benefit of the doubt" doctrine does not help Mr. Lamm, as the doctrine cannot serve to change Congress's definition of "period of war." *See, e.g.*, *Boyer v. West*, 210 F.3d 1351, 1355 (Fed. Cir. 2000) (While "interpretative doubt is to be resolved in the veteran's favor" if we find a veterans' benefit statute ambiguous, veterans "cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular provision.") (citations omitted).

Mr. Lamm makes two constitutional arguments: he argues that he was denied due process in applying for pension benefits, and he makes an equal protection challenge, arguing that it is unfair and irrational for the law to treat veterans who served during the Vietnam War period differently depending on whether they served in Vietnam.

Mr. Lamm's due process argument fails. A veteran's entitlement to disability benefits "is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." *Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009). However, Mr. Lamm does not state why he believes due process was lacking, and we do not see any indication from the record

that he did was denied due process in seeking non-service connected pension benefits.

His equal protection argument similarly fails. Congress's eligibility requirements for non-service-connected pension benefits are not unconstitutional merely because they treat veterans who served in Vietnam differently than those who served elsewhere during the same time period. *Burrow v. Nicholson*, 245 F. App'x 972, 974 (Fed. Cir. 2007) (unpublished); *Gorecke v. West,* 17 Vet. App. 363 (2000); *Fischer v. West*, 11 Vet. App. 121, 123 (1998). There is a strong presumption that laws providing for government payment of monetary benefits are constitutional. *Talon v. Brown*, 999 F.2d 514, 514 (Fed. Cir. 1993). The rational basis standard of review applies, and "it is not 'patently arbitrary and irrational' to treat wartime veterans differently than nonwartime veterans for the purpose of awarding pension benefits or to treat veterans who served in the Republic of Vietnam differently from those who served elsewhere for the purpose of defining wartime service." *Burrow*, 245 F. App'x at 974 (quoting *Burrow v. Nicholson*, 21 Vet. App. 411 (2006)).

## CONCLUSION

The Board properly interpreted the law as it applies to Mr. Lamm's request for non-service-connected pension benefits. Therefore, we affirm the Veterans Court's decision.

## **AFFIRMED**

### COSTS

No costs.