# United States Court of Appeals for the Federal Circuit

---

**VERA PERRY,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1311

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2350, Chief Judge Margaret C. Bartley.

---

Decided: December 17, 2020

---

VERA PERRY, Arkadelphia, AR, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Vera Perry, the surviving spouse of Terry L. Perry, appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the decision of the Board of Veterans' Appeals ("BVA") denying Mrs. Perry's claim for non-service-connected death pension benefits and burial benefits.[1] The Veterans Court held that service in the state National Guard including a period of active duty for training, without disability incurred or aggravated in line of duty, does not achieve "veteran" status for these purposes.

The decision is in accordance with statute and regulation and manifests no constitutional infirmity, and is affirmed.

## DISCUSSION

Terry L. Perry served in the Wisconsin Army National Guard from January 1977 to March 1977, including a period of active duty for training from February 1977 to March 1977. "[A]ctive duty for training" is defined, in relevant part, as "full-time duty in the Armed Forces performed by Reserves for training purposes." 38 U.S.C. § 101(22); 38 C.F.R. § 3.6(c). "Medical Board examiners at his March 1977 separation opined that enuresis and incontinence existed prior to service." Vet. Ct. Op. at *1.

Mr. Perry died in May 2014, the cause characterized as cardiac arrest. The record does not show any claim for service-connected disability during his lifetime, nor was any

---

[1]    *Perry v. Wilkie*, No. 18-2350, 2019 WL 4677503 (Vet. App. Sept. 26, 2019) ("Vet. Ct. Op."); No. 17-26 699, 2017 WL 5254629 (Bd. Vet. App. Sept. 27, 2017) ("BVA Op.").

service-connection claim pending at the time of his death. Vet. Ct. Op. at *2.

## A. Pension Benefits

The BVA held that Mrs. Perry was not eligible for non-service-connected death pension benefits because Mr. Perry did not have active duty service during a period of war nor did he have a service-connected disability, as required by 38 U.S.C. § 1541:

> § 1541(a).  The Secretary shall pay to the surviving spouse of each veteran of a period of war who met the service requirements prescribed in section 1521(j) of this title, or who at the time of death was receiving (or entitled to receive) compensation or retirement pay for a service-connected disability, pension at the rate prescribed by this section . . . .

The BVA held that "active duty for training" does not qualify as active military, naval, or air service for death benefit purposes unless "the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty."  BVA Op. at *2 (citing 38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a)).  The BVA found that Mr. Perry did not attain veteran status, and that he "was not service-connected for any disability at the time of his death, and there is no evidence that his death was in any way related to his January to March 1977 military service." *Id.* at *3.

The Veterans Court, affirming the BVA, explained that entitlement to non-service-connected death pension benefits has certain active wartime service requirements, as provided in 38 U.S.C. § 1521(j):

> § 1521(j).  A veteran meets the service requirements of this section if such veteran served in the active military, naval, or air service—
> (1) for ninety days or more during a period of war;

(2) during a period of war and was discharged or released from such service for a service-connected disability;

(3) for a period of ninety consecutive days or more and such period began or ended during a period of war; or

(4) for an aggregate of ninety days or more in two or more separate periods of service during more than one period of war.

Vet. Ct. Op. at *2–3.

The Veterans Court found "no evidence of wartime service," for there was no recognized period of war during Mr. Perry's period of active duty for training. *Id.* at *3. Thus the Veterans Court held that Mrs. Perry was not entitled to death pension benefits.

Mrs. Perry argued that the BVA erred in finding that Mr. Perry did not have a service-connected disability. She stated that the presumption of soundness on entering military service should apply, and that Mr. Perry's enuresis and incontinence at the time of his discharge from the National Guard could have been incurred or aggravated during his period of active duty for training. The Veterans Court held that the BVA did not err, for even if Mr. Perry's illnesses had been incurred or aggravated during his service in the National Guard, in the absence of wartime service Mrs. Perry was not entitled to death pension benefits, citing 38 U.S.C. § 1521(j). Vet. Ct. Op. at *3.

Mrs. Perry argues that "every veteran should be treated equally," whether or not the veteran served in wartime. Perry Br. 1. She argues that the issue of equal treatment is of constitutional dimension. This court addressed the constitutionality of section 1521(j) in *Burrow v. Nicholson*, 245 F. App'x 972 (Fed. Cir. 2007), and concluded that "it is not patently arbitrary and irrational to treat wartime veterans differently than nonwartime veterans for the purpose of awarding pension benefits . . . ." *Id.* at 974 (internal

quotation marks omitted).  The court held that there was no merit to the constitutional challenge to the requirement for service during a period of war in order to qualify for pension benefits.  *Id.*

We affirm that, by statute, Mrs. Perry is not entitled to death pension benefits, and that the statutory requirement for wartime service for this purpose does not violate the constitutional right to equal protection.

## B.  Burial Benefits

The BVA also denied Mrs. Perry's request for non-service-connected burial benefits, on the ground that Mr. Perry had not served in the active military, naval, or air service, and did not have veteran status.  The BVA stated that "the deceased must have obtained Veteran status to be eligible for burial benefits," BVA Op. at *3 (citing 38 U.S.C. § 101(2) ("The term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.")); *see also* 38 C.F.R. § 3.1701 ("For purposes of providing burial benefits . . . the term 'veteran' means the same as provided in 38 U.S.C. § 101(2)."); 38 C.F.R. § 3.6(a) ("Active military, naval, and air service.  This includes . . . any period of active duty for training during which the individual concerned was disabled . . . and any period of inactive duty training during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty . . . .").  The BVA found that Mr. Perry did not meet the active service requirement based on his Reserve service because he "was not service-connected for any disability at the time of his death, and there is no evidence that his death was in any way related to his January to March 1977 military service." BVA Op. at *3.

The Veterans Court affirmed, explaining that "eligibility [for burial benefits] is limited to (1) veterans receiving VA pension or disability compensation, (2) veterans who

PERRY v. WILKIE

would have been receiving disability compensation but for receipt of military retired pay, or (3) veterans who had certain pending claims at the time of death . . . ." Vet. Ct. Op. at *3 (citing 38 C.F.R. § 3.1705(b)). The Veterans Court found that Mr. Perry was not in receipt of a VA pension, disability compensation, or retired pay, nor had he any pending claim at the time of his death. *Id.* Thus the Veterans Court held that Mrs. Perry was not entitled to burial benefits.

The Veterans Court found that there was no evidence that Mr. Perry's death was related to his service in the National Guard. Vet. Ct. Op. at *1. On the undisputed facts, the Veterans Court's decision is in accordance with the statute and regulations, and is affirmed.

## CONCLUSION

We conclude that Mrs. Perry is not entitled to receive non-service-connected death pension or burial benefits. The decision of the Veterans Court is affirmed.

## **AFFIRMED**

No costs.