# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-2064

RICHARD C. RAUGUST, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued April 13, 2010[1]                    Decided June 11, 2010)

*Robert M. Kampfer*, of Great Falls, Montana, for the appellant.

*Mark M. McNabb*, with whom *John H. Thompson*, Acting General Counsel, *R. Randall Campbell*, Assistant General Counsel, *Joan E. Moriarty*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and LANCE, *Judges*.

HAGEL, *Judge*: Richard C. Raugust appeals through counsel a March 20, 2008, Board of Veterans' Appeals (Board) decision denying him basic eligibility for Department of Veterans Affairs (VA) medical care benefits. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). The case was sent to a panel to address an issue of first impression, which is whether the statute and regulation establishing a mandatory 24-month minimum service period before a veteran is eligible for basic VA medical care violates the constitutional guarantee of equal protection. Because the Court finds that there was a rational basis for the minimum service requirement, the statute and regulation at issue do not violate the Equal Protection Clause, and the Court will affirm the Board decision.

---

[1] The Court expresses its appreciation to University of Idaho College of Law, in Moscow, Idaho, for hosting oral argument in this case.

## I. FACTS

Mr. Raugust served on active duty in the U.S. Army between October 1984 and April 1986. His service was characterized as under honorable conditions, although his certificate of release lists "[m]isconduct - pattern of misconduct" as the reason for his separation. Record (R.) at 52.

In September 2004, Mr. Raugust requested access to VA health care benefits. In March 2005, a VA regional office denied Mr. Raugust's application for veterans medical benefits after concluding that he was not entitled to such benefits under 38 C.F.R. § 3.12a because he had less than 24 months of continuous active military service after September 1980.[2] Mr. Raugust appealed the decision.

In March 2008, the Board issued the decision on appeal, denying Mr. Raugust eligibility for veterans health care benefits as a matter of law. The Board first considered whether VA had satisfied its duty to assist pursuant to 38 U.S.C. § 5103A and 38 C.F.R. § 3.159. The Board concluded that it was unnecessary to review VA's compliance with its duty to assist Mr. Raugust, reasoning that "because no reasonable possibility exists that would aid in substantiating this claim, any deficiencies of [the Veterans Claims Assistance Act of 2000] notice or assistance are moot." R. at 5.

The Board then considered whether Mr. Raugust was eligible for any VA benefits pursuant to 38 C.F.R. §§ 3.12a(a)(1), (b) (2008). Under that provision, with some exceptions including discharge due to hardship, a veteran must serve for a minimum of 24 months of active duty to be eligible for VA medical benefits. The Board found that Mr. Raugust's certificate of release or discharge from active duty (DD-214) reflected that he had served on active duty for 17 months and 25 days: in other words, short of the 24-month eligibility requirement. Because Mr. Raugust did not satisfy the minimum active duty requirements, the Board denied his claim as a matter of law. Further, the Board acknowledged Mr. Raugust's argument that the minimum service requirements

---

[2] 38 C.F.R. § 3.12a(b) provides that "[e]xcept as provided in paragraph (d) of this section, a person listed in paragraph (c) of this section who does not complete a minimum period of active duty is not eligible for any benefit under title 38, United States Code or under any law administered by the Department of Veterans Affairs based on that period of active service."

Subsection (c) defines persons included under this section as any service member who enlisted after September 7, 1980. Finally, subsection (d) provides exclusions to the general rule, including a service member released under an early out or hardship discharge program or a person discharged due a medical disability or service-connected disability.

in 38 C.F.R. § 3.12a were unconstitutional, but declined to rule on the argument because "[t]he Board is not the appropriate forum for this argument." R. at 7.

On appeal, Mr. Raugust argues that the Board erred in finding that VA did not have a duty to obtain further military records beyond his DD-214, enlistment contract, and portions of his enlistment physical. Appellant's Brief (Br.) at 7-8. Mr. Raugust also asserts that the 24-month service minimum to qualify for VA medical benefits is unconstitutional, as it violates the Fifth Amendment's Equal Protection Clause. Appellant's Br. at 10-11.

In response, the Secretary contends that the Court should reject Mr. Raugust's argument concerning the duty to assist because he has not asserted that further records would be relevant to establishing whether he met the 24-month service requirement which statutorily bars VA medical benefits. Secretary's Br. at 5. Further, the Secretary argues that the minimum service requirement does not violate the Fifth Amendment's Equal Protection Clause because Congress expressed a rational basis for establishing the minimum service requirement. Secretary's Br. at 6-11.

## II. ANALYSIS

### A. Duty to Assist

Pursuant to 38 U.S.C. § 5103A, the Secretary is required to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for benefits." 38 U.S.C. § 5103A(a). Under section 5103A(b), the Secretary's duty to assist includes making reasonable efforts to obtain relevant records, so long as the claimant adequately identifies those records to the Secretary and authorizes the Secretary to obtain them. 38 U.S.C. § 5103A(b)(1). Under 38 U.S.C. § 5103A(c)(1), VA is required to make reasonable efforts to obtain all records held by a governmental entity that are relevant to the claim and that pertain to the claimant's military service if the claimant provides the Secretary information sufficient to locate such records.

Here, the Board did not find that VA satisfied its duty to assist, but instead found "any deficiencies of [the Veterans Claims Assistance Act of 2000] notice or assistance are moot" because "no reasonable possibility exists" that additional records would substantiate Mr. Raugust's claim. R. at 5. Mr. Raugust argues that the Secretary did not satisfy the duty to assist when he failed to seek additional service records because those records may have addressed some of the exclusions to the

24-month minimum service requirement. Such exceptions allow veterans who were discharged based on a hardship or early discharge agreement (*see* 10 U.S.C. § 1173) or due to a disability to receive VA benefits even if that person did not serve in the active duty military for 24 months. 38 C.F.R. § 3.12a(d). The Secretary responds by asserting that any additional records could not be relevant because Mr. Raugust's certificate of release from active duty provides that he was separated due to a pattern of misconduct. Therefore, the Secretary contends that, as a matter of law, any additional records could not be relevant to the claim. In reply, Mr. Raugust characterizes the Secretary's assertion that the additional records could not be relevant as speculation.

The Secretary's duty to assist does not extend to obtaining records when "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2). As the United States Court of Appeals for the Federal Circuit (Federal Circuit) stated in *McGee v. Peake*, "Congress has explicitly defined the VA's duty to assist a veteran with the factual development of a benefit claim in terms of relevance." 511 F.3d 1352, 1357 (Fed. Cir. 2008); *see* 38 U.S.C. 5103A(b)(1). When reviewing the Board's finding that records are not relevant, the Court looks to whether (1) the unobtained records may be related to the claim, or (2) there is a reasonable possibility that the records could substantiate the claim. *Golz v. Shinseki*, 590 F.3d 1317, 1322 (Fed. Cir. 2010). Moreover, there "must be specific reason to believe these records may give rise to pertinent information," such as "specific allegations" from the claimant that the records are relevant. *Id.* at 1323. The Court reviews the Board's finding on the issue of relevance for clear error. 38 U.S.C. § 7261(a)(4).

Here, the Secretary found that there was "no reasonable possibility" that additional records would establish that Mr. Raugust satisfied the 24-month minimum service requirement. R. at 5. The Court finds that Mr. Raugust has not established that this finding was clearly erroneous. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that appellant has the burden of demonstrating error). Although Mr. Raugust correctly asserts that it is conceivable that additional military records would establish that one of the exceptions to the 24-month minimum service requirement applied, there is no "specific reason to believe" that the records would contain such information. *Golz*, 590 F.3d at 1323. More tellingly, Mr. Raugust has not made a specific allegation that an exception would be established if the records were obtained. *See id.* Without a specific and

4

credible reason to believe that obtaining the additional records would tend to establish that an exception to the 24-month minimum service requirement applied to Mr. Raugust's claim, the Court must conclude that the Board did not commit clear error in concluding that there was no need to obtain additional records. *See* 38 U.S.C. § 7261(a)(4); *Golz*, 590 F.3d at 1323.

Mr. Raugust's situation is distinguishable from that in *McGee*, where the Federal Circuit held that the Board erred by failing to seek military service records that could establish whether the veteran had filed a claim upon his discharge in accordance with a statutory provision. *McGee*, 511 F.3d at 1358. In *McGee*, the veteran was discharged due to a lung disorder and was seeking to obtain an effective date for his claim from the time of his discharge. Pursuant to statute, when a service member is discharged from active duty because of a physical disability, the service department must ensure that the individual files a claim for VA benefits or signs a waiver establishing that the right to make a claim has been explained. *Id*. at 1355 (citing 10 U.S.C. § 1218). In *McGee*, the Federal Circuit held that the Board erred by finding that there were no pertinent records to be obtained without taking into account this statute, which *required* that a claim either be submitted or waived in the veteran's particular case. *Id*. at 1358.

Unlike in *McGee*, there is no statutory or regulatory provision at play here that would *require* the creation of additional potentially relevant records. Although there are exceptions to the § 3.12a two-year minimum service requirement, there is nothing in that regulation or any other regulation or statute advanced by Mr. Raugust or located by the Court that requires the creation of records that would be relevant to Mr. Raugust's claim. The statute at issue in *McGee* provided that documents that were inherently relevant to the veteran's effective date argument were subject to the duty to assist. There is no comparable requirement in Mr. Raugust's case. Thus, there was no specific reason for the Board to seek additional records that Mr. Raugust never identified or requested. *See Golz*, 590 F.3d at 1323.

To the extent that Mr. Raugust asserts that the Board should have, on its own, considered whether he received a humanitarian discharge, he failed to advance this argument before the regional office or the Board. "The duty to assist is not a one-way street." *Wood v. Derwinski*, 1 Vet.App. 190, 193 (1992). If Mr. Raugust had asserted that he received a humanitarian discharge (and thus fit into an exception to § 3.12a), there would be a basis for arguing that the Board erred by failing

5

to search for such documents. However, the mere possibility that an exception exists is insufficient to trigger the duty to seek out additional documents when there is no statutory requirement that such documents be created. In other words, VA is not obligated to embark on an "unguided safari" to seek all potentially relevant records. *Brokowski v. Shinseki*, 23 Vet.App. 79, 89 (2009).

## B. Equal Protection Clause

In his brief, Mr. Raugust argued that the 24-month minimum service requirement in 38 C.F.R. § 3.12a to establish eligibility for most VA benefits violates the Equal Protection Clause of the Fifth Amendment. Mr. Raugust asserted that the provision is unconstitutional because it creates "arbitrary absurdities" by denying medical care to veterans who served one day less than 24 months while granting benefits to veterans who had only fractionally longer service. Appellant's Br. at 10. At oral argument, Mr. Raugust's attorney stated that the Secretary's analysis on this question was persuasive and declined to advance his original argument. He did not, however, state that he was withdrawing his original argument. Accordingly, the Court will consider the argument. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1991).

The authority for § 3.12a derives from 38 U.S.C. § 5303A, which provides for the same 24-month minimum service requirement for veterans to establish entitlement to most VA benefits, including health care. The Court has jurisdiction to consider constitutional challenges to statutes and regulations pursuant to 38 U.S.C. § 7261(A)(3)(b).

It is well established that when legislation involving governmental payment of monetary benefits "is challenged on equal protection grounds as being violative of the Fifth Amendment, the rational basis standard is the appropriate standard of judicial review." *Talon v. Brown*, 999 F.2d 514, 517 (Fed. Cir. 1993), cert. denied, 114 S. Ct. 643 (1993) (citing *United States R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 176 (1980)); *Califano v. Torres*, 435 U.S. 1, 5 (1978). The rational basis standard will also be applied when social welfare legislation is involved, so long as fundamental constitutional rights or suspect classes are not involved. *See Fritz*, 449 U.S. at 174. Under the rational basis standard of review, the Court will uphold a statute unless it is "'patently arbitrary and irrational.'" *Saunders v. Brown*, 4 Vet.App. 320, 325 (1993) (quoting *Fritz*, 449 U.S. at 177).

Here, the Court must first determine whether access to VA medical care pursuant to section 5303A can be classified as a monetary benefit or social welfare program to which the rational basis

standard may be applied. There can be no doubt that it is a form of social welfare, and thus subject to the rational basis standard of review. *See Fritz*, 449 U.S. at 174. Accordingly, the Court will review the 24-month minimum service requirement to determine whether there was a rational basis for establishing it. *See Fritz*, 449 U.S. at 174; *see also Saunders*, 4 Vet.App. at 325 (reviewing statute governing entitlement to purchasing life insurance under rational basis standard).

Congress passed 10 U.S.C. § 977, the precursor to the current section 5303A,[3] as part of the Department of Defense Authorization Act of 1981. The Senate committee reviewing the bill stated that it

> adopted an amendment to restrict eligibility for all benefits awarded to individuals for having served in the military to those who have completed two or more years of active service except in cases of injury or unusual circumstances beyond the individual's control. The committee has previously expressed a serious concern about the high level of attrition, much of which occurs during the first six months of active duty. Current eligibility for benefits at the six month point provides an incentive for attrition and may contribute to the continuing too high levels of attrition of first term personnel.

S. Rep. No. 96-836, at 135 (1980) (original in all upper case). The committee report makes clear that the purpose of the 24-month minimum service requirement was to attempt to reduce attrition among new members of the military.

The Court finds that at least one purpose for which Congress established the 24-month minimum service requirement may have been to reduce attrition. We hold that this provides a rational basis for creating the eligibility requirement. *See Talon*, 999 F.2d at 517. Encouraging new recruits to remain in the military by withholding benefits to those who choose to leave early is neither patently arbitrary nor irrational. *See Saunders*, 4 Vet.App at 325. Thus, the Court finds that 38 U.S.C. § 5303A does not violate the Fifth Amendment's Equal Protection Clause. *Id.*

---

[3] In 1981, Congress recodified 10 U.S.C. § 977 as 38 U.S.C. § 3103A, and in 1991 the provision was renumbered to its current designation as 38 U.S.C. § 5303A. *See* S. Rep. N. 97-153, at 39; Pub. L. 102-40, Title IV, § 402(b)(1).

## III. CONCLUSION

Upon consideration of the foregoing, the Court AFFIRMS the Board's March 20, 2008, decision.