HAGEL, Judge,
dissenting:
In a July 27, 2012, briefing order, issued at my request, the Court ordered the parties to consider 38 U.S.C. § 7261, the Court’s scope of review statute, and submit memoranda of law discussing whether the Court has the power to strike down a *93 statute on constitutional grounds. Despite the parties’ agreement that the Court does have such power, and despite the Court’s prior decisions in numerous cases that implicitly presumed, that the Court has such power[6] (one of which, I must note with some embarrassment, I authored[7]), I remain unconvinced that this Court has the power to entertain facial constitutional challenges to statutes, as opposed to rules or regulations promulgated by the Secretary. I wish to make it clear that my position on this matter does not stem from a belief that this Court should not possess such power — in fact, I believe it should— but from a belief that the power must be specifically given to the Court by Congress, and that Congress, in my view, has not seen fit to do so. Had Mrs. Copeland not asked the Court to overrule 38 U.S.C. § 5121 A on the grounds that it, on its face, violates the Equal Protection Clause of the Fifth Amendment, I would not raise this issue at all. Because she has done so, however, I believe that the Court is compelled to address this issue.
Although I am satisfied that the Court has jurisdiction over the subject matter presented by Mrs. Copeland’s appeal, because 38 U.S.C. § 5121(a), under which Mrs. Copeland’s claim for accrued benefits was denied, and 38 U.S.C. § 5121A, the substitution statute she contends is unconstitutional, are laws that affect the provision of benefits by the Secretary, see 38 U.S.C. § 511(a), I conclude that the Court is not authorized to declare statutes unconstitutional. In other words, I believe that the Court is without power to determine whether 38 U.S.C. § 5121A violates the equal protection component of the Fifth Amendment’s Due Process Clause, as Mrs. Copeland urges.
*94 At the outset, a distinction must be drawn between the subject matter jurisdiction of a court on the one hand, and the powers possessed by a court on the other. The Federal Circuit has emphasized that “ ‘power’ and ‘jurisdiction’ are separate and distinct concepts.” Sioux Honey Ass’n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1052 (Fed.Cir.2012). “ ‘Subject matter jurisdiction’ refers to the class of cases that the court is authorized to hear,” whereas “‘[pjower’ refers to the court’s ability, when it has subject matter jurisdiction, to grant equitable and legal relief to a party.” Id. “[A] court’s power to grant relief is not synonymous with its ability to exercise jurisdiction, as these two concepts are separate and distinct. Power does not necessarily envelop the concept of jurisdiction.” Sioux Honey Ass’n, 672 F.3d at 1052.
As explained above, this Court has subject matter jurisdiction in the present case because it has been authorized to hear the class of case presented by Mrs. Copeland’s appeal, inasmuch as she appeals from a final and adverse Board decision made “under a law that affects the provision of benefits by the Secretary to veterans or the dependants or survivors of veterans.” 38 U.S.C. § 511(a); see also 38 U.S.C. § 7252; Bates v. Nicholson, 398 F.3d 1355, 1364 (Fed.Cir.2005). However, Mrs. Copeland argues that this Court should reverse the Board decision because it was premised on a statute enacted by Congress that she contends is unconstitutional. She therefore raises the issue of whether the Court has the power to declare that — or any other — statute unconstitutional.
Federal courts “possess only that power authorized by Constitution and statute” and this power may “not be expanded by judicial decree.” Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In this respect, Congress has enacted legislation that specifically sets forth the scope of this Court’s review of Board decisions and the relief it is authorized to provide appellants whose appeals are properly before the Court. Of particular importance is 38 U.S.C. § 7261, which provides, in relevant part:
In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall ... decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary; [and] hold unlawful and set aside decisions, findings ..., conclusions, rules, and regulations issued or adopted by the Secretary, the Board of Veterans’ Appeals, or the Chairman of the Board found to be ... contrary to constitutional right, power, privilege, or immunity ....
38 U.S.C. § 7261(a)(1), (3)(B) (emphasis added).[8] Thus, this provision very clearly authorizes the Court to interpret relevant constitutional provisions and hold that decisions, findings, conclusions, rules, and regulations that are issued or adopted by the Secretary, the Board, or the Chairman of the Board are contrary to those constitutional provisions. It does not, however, authorize this Court to hold that statutes enacted by Congress are contrary to those constitutional provisions. See Ventas, Inc. v. United States, 381 F.3d 1156, 1161 (Fed. *95 Cir.2004) (“Where Congress includes certain exceptions in a statute, the maxim expressio unius est exchisio alterius presumes that those are the only exceptions Congress intended.”); McCray v. McGee, 504 A.2d 1128, 1130 (D.C.1986) (quoting 2A Sutherland, Statutes and StatutoRY CONSTRUCTION § 47.23 (4th ed. 1984) for the proposition that, “when a legislature makes express mention of one thing, the exclusion of others is implied, because ‘there is an inference that all omissions should be understood as exclusions’ ”). Certainly, given that section 7261 otherwise enumerates the various relief that this Court may provide an appellant, one would expect that Congress would have included language permitting this Court to declare statutes unconstitutional if it had intended the Court to possess such power. See Barnhart v. Peabody Coal Co., 537 U.S. 149, 169, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003) (quoting United States v. Vonn, 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) and explaining that “the canon expressio unius est exclusio alterius ... has force only when the items expressed are members of an ‘associated group or series,’ justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence”).
The absence of express language authorizing this Court to hold congressionally enacted statutes invalid on constitutional or any other grounds is all the more striking when one considers that Congress, in creating a system of judicial review of final Board decisions, did explicitly provide the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) with such authority. See Davis v. Mich. Dep’t of Treasury, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) (“It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.”). Specifically, the Federal Circuit has been provided the “exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under” 38 U.S.C. § 7292, the provision establishing judicial review of certain aspects of this Court’s decisions in the Federal Circuit, “and to interpret constitutional and statutory provisions to the extent presented and necessary to a decision.” 38 U.S.C. § 7292(c) (emphasis added). Thus, the Federal Circuit has been authorized not only to interpret constitutional and statutory provisions and to decide that relevant regulations are constitutionally invalid, but also to decide that relevant statutes are invalid because they conflict with the Constitution.[9] Certainly, had Congress intended to authorize this *96 Court to hold statutes unconstitutional, it could have included in section 7261 language similar to that found in section 7292(c). See Turtle Island Restoration Network v. Evans, 284 F.3d 1282, 1296 (Fed.Cir.2002) (“When Congress omits from a statute a provision found in similar statutes, the omission is typically thought deliberate.”); Howard Univ. Hosp. v. D.C. Dept. of Employment Servs., 952 A.2d 168, 174 (D.C.2008) (quoting Smith v. D.C. Dep’t of Emp’t Services, 548 A.2d 95, 100 n. 13 (D.C.1998) in explaining that, “ ‘[w]here a statute, with reference to one subject, contains a given provision, the omission of such [a] provision from a similar statute concerning a related subject ... is significant to show [that] a different intention existed.’ ”).
Accordingly, I would hold that, although the Court has the power to declare a VA rule or regulation unconstitutional on its face or as applied to a particular claimant, and although the Court has the power to find that decisions or other acts or omissions of the Secretary, the Board, or the Chairman of the Board are unconstitutional, the Court does not have the power to declare a statute unconstitutional on its face.[10] Therefore, I dissent.[11]

. See Mountford v. Shinseki, 24 Vet.App. 443, 449 (2011) (concluding that 38 U.S.C. § 5313B(b)(l)(B) does not constitute a bill of attainder); Dorward v. West, 13 Vet.App. 295, 295 (2000) (per curiam order) (stating in dicta that "although the appellant ha[d] not attacked the validity of [38 U.S.C. § ] 5110(g), ... it appealed] to be valid”); Reeves v. West, 11 Vet.App. 255, 257-61 (1998) (holding that 38 U.S.C. § 3532(d) does not violate the Equal Protection Clause of the Fifth Amendment); Fischer v. West, 11 Vet.App. 121, 123— 24 (1998) (finding no equal protection violation due to 38 U.S.C. § 1521’s disparate treatment of war-time and peace-time veterans for purposes of establishing entitlement to non-service-connected pension benefits); Wright v. Gober, 10 Vet.App. 343, 347-48 (1997) (holding that 38 U.S.C. § 5110(a) and (b)(1) do not violate the Equal Protection Clause of the Fifth Amendment); Giancaterino v. Brown, 7 Vet.App. 555, 561 (1995) (holding that 38 U.S.C. § 103(e) does not violate the Equal Protection Clause of the Fifth Amendment because it is "rationally related to legitimate governmental interests”); Saunders v. Brown, 4 Vet.App. 320, 324-26 (1993) (holding that 38 U.S.C. § 1922(a) is not facially unconstitutional on due process or equal protection grounds and remanding the matter for further factual development necessary to adjudicate a separate facial constitutional challenge); Latham v. Brown, 4 Vet.App. 265, 266-69 (1993) (upholding the constitutionality of 38 U.S.C. § 1505(a) in the face of the appellant’s arguments that it violated his right to equal protection and constituted a bill of attainder and an ex post facto law); Dacoron v. Brown, 4 Vet.App. 115, 118-19 (1993) (discussing the impact of the VJRA on the Supreme Court’s holding in Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974) (which held that U.S. district courts may hear constitutional challenges to statutes relating to VA benefits), and concluding that the U.S. district courts continued to be appropriate fora for the disposition of constitutional challenges to statutes affecting the Secretary’s provision of benefits to veterans and their dependents or survivors because "nothing in the VJRA or in the current provisions of 38 U.S.C. § 511(a) change[d] the Supreme Court's ... analysis in Johnson” that such challenges arise under the Constitution).

. Raugust v. Shinseki, 23 Vet.App. 475, 479-80 (2010) (holding that 38 U.S.C. § 5303A does not violate the Equal Protection Clause).

. Holding that section 7261(a) pertains to the Court's power, rather than jurisdiction, is consistent with the Supreme Court’s rationale in Henderson ex rel. Henderson v. Shinseki,-U.S. --•, 131 S.Ct. 1197, 1205, 179 L.Ed.2d 159 (2011), insofar as section 7261(a), like 38 U.S.C. § 7266(a), was located in the subchap-ter of the VJRA entitled "Procedure,” not the subchapter entitled "Organization and Jurisdiction."

. Alternatively, various Federal circuit courts of appeal have determined that, following the enactment of the VJRA, the sole constitutional challenge the district courts may continue to review are those that assert that statutes pertaining to the provision of VA benefits are facially unconstitutional. See Sugrue v. Derwinski, 26 F.3d 8 (2d Cir.1994) (district court lacked jurisdiction to hear plaintiff’s claim that VA denied him due process of law and made an unconstitutional taking by denying him a certain disability rating); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1498 (2d Cir.1992) (district court lacked jurisdiction to hear plaintiff’s claim that VA denied him due process of law by failing to provide him adequate medical care); Disabled Am. Veterans v. U.S. Dep't of Veterans Affairs, 962 F.2d 136 (2d Cir.1992) (district court has jurisdiction to hear plaintiff's claim that a statute authorizing VA to suspend benefits payments to certain incompetent veterans violated the Fifth Amendment’s guarantee of equal protection); Zuspann v. Brown, 60 F.3d 1156 (5th Cir.1995) (district court lacked jurisdiction to hear plaintiff’s claim that VA denied him due process of law by denying him adequate medical care); Beamon v. Brown, 125 F.3d 965 (6th Cir.1997) (district court lacked jurisdiction to hear plaintiffs’ claim that delays in the adjudication of VA benefits denied them due process of law); Hicks v. Veterans Admin., 961 *96 F.2d 1367 (8th Cir.1992) (district court lacked jurisdiction to hear plaintiff’s claim that VA violated the First Amendment by reducing his disability rating based on a letter from a VA doctor allegedly written in retaliation to the appellant’s criticisms of VA medical treatment); Tietjen v. VA, 884 F.2d 514, 515 (9th Cir.1989) (stating that 38 U.S.C. § 211(a), now § 511(a), "precludes judicial review of the [Veterans] Administrator’s decisions of law or fact concerning the administration of benefits legislation,” but "does not ... bar review of 'constitutional attacks on legislation governing the provision of VA benefits’ ”); Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir.2012) (district court lacked jurisdiction to hear plaintiffs’ claims that delays in VA’s provision of mental health care and adjudication of disability benefits claims denied them due process of law, but had jurisdiction to hear their claim that the VJRA denied them due process of law because it does not provide predecision hearings, discovery, subpoena power, and the retention of paid counsel before the regional office); Hall v. U.S. Dept. of Veterans Affairs, 85 F.3d 532, 534 (11th Cir.1996) (district court lacked jurisdiction to hear plaintiff's claim that a VA regulation was unconstitutional); Quiban v. VA, 928 F.2d 1154 (D.C.Cir.1991) (district court had jurisdiction to hear plaintiffs’ claim that the statute excluding certain Filipino veterans from receiving VA benefits violated the Fifth Amendment’s guarantee of equal protection). Thus, rather than avail themselves of the appellate process established by the VJRA, veterans, their survivors, and their dependents may instead file a complaint in Federal district court alleging that a particular statute or statutory provision barring an award of VA benefits is facially unconstitutional.

. I acknowledge that, as the author of Raugust, 23 Vet.App. at 479-80, I have added to the Court’s line of cases that presume the Court has the power to entertain facial constitutional challenges to statutes. In that case, the Court analyzed an appellant’s argument that 38 U.S.C. § 5303A violates the Equal Protection Clause of the Fifth Amendment based on that provision’s 24-month minimum service requirement for establishing eligibility for most VA benefits. Before embarking on a constitutional analysis, the Court stated that it was authorized to do so under 38 U.S.C. § 7261(a)(3)(B). However, as indicated above, that provision only authorizes the Court to "hold unlawful and set aside decisions, findings ..., conclusions, rules, and regulations issued or adopted by the Secretary, the Board ..., or the Chairman of the Board found to be ... contrary to constitutional right, power privilege, or immunity.” 38 U.S.C. § 7261(a)(3)(B). It says nothing of the Court’s authority to hold unlawful statutes and laws enacted by Congress found to be contrary to the Constitution. I now believe *97 that the Court’s statement to the contrary in Raugust was mistaken, as it was made without the benefit of the searching analysis undertaken here.

. If, however, the Court had such power, then I would fully agree with the majority’s analysis and finding that section 5121A is constitutional on its face.