http://www.va.gov/vetapp16/Files4/1630410.txt

Citation Nr: 1630410 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-07 521 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama

THE ISSUE

Entitlement to Department of Veterans Affairs (VA) educational assistance benefits under Chapter 33, Title 38, United States Code (Post-9/11 GI Bill).

WITNESSES AT HEARING ON APPEAL

Appellant and R.K.

ATTORNEY FOR THE BOARD

April Maddox, Counsel

INTRODUCTION

The appellant attended the United States Air Force Academy Preparatory School (USAFAPS) in cadet candidate status from July 2012 to June 2013.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2013 determination by Department of Veterans Affairs (VA) Education Center in Muskogee, Oklahoma that the appellant has insufficient qualifying active service after September 10, 2001, for basic eligibility for educational assistance under the Post-9/11 GI Bill.

The appellant and his step-father, R.K., testified before the undersigned Veterans Law Judge in June 2014. A transcript of this proceeding has been associated with the claims file.

In addition to a paper claims file, the appellant also has an electronic file in Virtual VA and the Veterans Benefits Management System (VBMS). The Board has reviewed both the paper and electronic records in rendering this decision.

FINDINGS OF FACT

1. The appellant's DD Form 214 indicates that he served in cadet candidate status at the USAFAPS from July 18, 2012, to June 26, 2013, when he was administratively discharged. To date, he has no prior or subsequent qualifying military service. 

2. The appellant has insufficient qualifying active duty service after September 10, 2001, for basic eligibility for educational assistance under the Post-9/11 GI Bill.

CONCLUSION OF LAW

The criteria for eligibility for educational assistance benefits under Chapter 33, Title 38, United States Code (Post-9/11 GI Bill) have not been met. 38 U.S.C.A. §§ 101(2), (21)(A), (22), (24), 3301, 3002(6), 3311, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 21.1031, 21.1032, 21.9500, 21.9505, 21.9520 (2015); VAOPGCPREC 18-94 (October 3, 1994).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

For educational assistance claims, the regulations delineating the specific notification and assistance requirements are set forth in 38 C.F.R. §§ 21.1031, 21.1032. These provisions apply to the Post-9/11 GI Bill program. 38 C.F.R. § 21.9510. The notification requirements do not apply when the claim cannot be substantiated because there is no legal basis for the claim or undisputed facts render the claimant ineligible for the claimed benefits. 38 C.F.R. § 21.1031(b)(1). The assistance requirements do not apply when there is no reasonable possibility that any assistance that VA would provide to the claimant would substantiate the claim. 38 C.F.R. § 21.1032(d). As discussed below, the undisputed facts in this case render the appellant ineligible for benefits under the Post-9/11 GI Bill and there is no reasonable possibility than any assistance that VA would provide to the appellant would substantiate his claim. Thus, the notice and assistance requirements are inapplicable.

II. Factual Background and Analysis

According to the appellant's statements and testimony of record, he essentially contends that he is entitled to Post-9/11 GI Bill benefits based on his period of service in cadet candidate status at the USAFAPS from July 18, 2012, to June 26, 2013. He contends that he had the status of an active duty E-1 Airman Basic, and he received monthly pay as an E-1 according to the United States Air Force. He also contends that at least other cadets are currently in receipt of Post-9/11 GI Bill benefits. He reported that he started school at the University of Alabama in the Fall of 2013, and has entered the Reserve Officer Training Corps (ROTC) program there. 

Eligibility for educational assistance under Chapter 33 based on active duty service after September 10, 2001, requires minimum service. 

The individual must have served a minimum of 90 aggregate days of active duty excluding active duty for entry level and skill training and, after completion of such service, (1) continued on active duty; (2) was discharged from service with an honorable discharge; (3) was released from service characterized as honorable and placed on the retired list, temporary disability retired list, or transferred to the Fleet Reserve or the Fleet Marine Corps Reserve; (4) was released from service characterized as honorable for further service in a reserve component; or (5) was discharged or released from service for a medical condition that preexisted such service and is not determined to be service connected; hardship, as determined by the Secretary of the military department concerned; or a physical or mental condition that interfered with the individual's performance of duty but was not characterized as a disability and did not result from the individual's own misconduct. 38 U.S.C.A. § 3311; 38 C.F.R. § 21.9520(a).

Alternatively, the individual must have served a minimum of 30 continuous days on active duty and, after completion of such service, was discharged or released from active duty under other than dishonorable conditions due to a service-connected disability. 38 U.S.C.A. § 3311; 38 C.F.R. § 21.9520(b).

Pursuant to 38 U.S.C.A. § 3301(1)(A), qualifying active duty service for members of the regular components of the Armed Forces is full time duty other than active duty for training. For members of the reserve components of the Armed Forces, qualifying active duty includes service on active duty under a call or order to active duty under section 688, 12301(a), 12301(d), 12301(g), 12302, or 12304 of title 10. See 38 U.S.C.A. §3301(1)(B). For members of the Army National Guard of the United States or the Air National Guard of the United States, in addition to service described above for members of the regular and reserve components of the Armed Forces, qualifying active duty includes full-time service (i) in the National Guard of a State for the purpose of organizing, administering, recruiting, instructing, or training the National Guard; or (ii) in the National Guard under section 502(f) of title 32 when authorized by the President or the Secretary of Defense for the purpose of responding to a national emergency declared by the President and supported by Federal funds. See 38 U.S.C.A. § 3301(1) (C).

However, any period of active duty service during which an individual served as a cadet or midshipman at one of the service academies is not considered active duty on which an individual's entitlement to educational assistance is based. 38 U.S.C.A. § 3002(6)(d). The following periods of service also shall not be considered a part of the period of active duty on which an individual's entitlement to educational assistance is based: (1) Any period of (1) A period of service on active duty of an officer pursuant to an agreement under section 2107(b) of title 10; (2) A period of service on active duty of an officer pursuant to an agreement under section 4348, 6959, or 9348 of title 10 or section 182 of title 14; (3) A period of service that is terminated because of a defective enlistment and induction based on--(A) the individual's being a minor for purposes of service in the Armed Forces; (B) an erroneous enlistment or induction; or (C) a defective enlistment agreement. 38 U.S.C.A. § 3311 (d). 

Finally, the Board observes that the VA Office of General Counsel has held that "[c]haracterization of an individual's service at the USAFAPS for purposes of entitlement to veterans' benefits depends on the status in which the individual enters the USAFAPS. Service by an individual who attends the USAFAPS as a reservist called to active duty for the sole purpose of attending the USAFAPS constitutes 'active duty for training.' This includes persons who are enlisted directly from civilian life or from the Air National Guard for the sole purpose of attending the USAFAPS, as well as members of reserve components who are called to active duty for this purpose. Service by an enlisted active duty service member who is reassigned to the USAFAPS without a release from active duty constitutes a continuation of the servicemember's 'active duty.'" VAOPGCPREC 18-94 (October 3, 1994).

Turning to the facts of this case, as noted, the appellant entered military service on July 18, 2012. He attended the USAFAPS in cadet candidate status from July 18, 2012, to June 26, 2013. He had no other military service. 

His DD Form 214 indicates that he was honorably discharged from that period of service prior to completion of his first full term of service based on Secretarial authority. The DD Form 214 specifically indicates that the appellant "ATTENDED USAF ACADEMY PREPARATORY SCHOOL IN CADET CANDIDATE STATUS FROM 18-JUL-2012 TO 26-JUN-2013. SERVICE NOT CREDITABLE FOR ANY PURPOSE IN COMMISSIONED OFFICER STATUS. MEMBER HAS NOT COMPLETED FIRST FULL TERM OF SERVICE. SERVICE AT THE PREP SCHOOL IS ONLY ACADEMIC/TRAINING." It further indicates that he had no prior active or inactive military service, which leads the Board to conclude that he entered the USAFAPS as a civilian. 

Pursuant to VAOPGCPREC 18-94, when a person is enlisted directly into the USAFAPS from civilian life for the sole purpose of attending the USAFAPS, such service constitutes active duty for training as opposed to active duty service. Accordingly, the Board concludes that the appellant's period of service at the USAFAPS from July 18, 2012, to June 26, 2013 is characterized as a period of active duty for training and not a period of active duty service on which his eligibility to educational benefits under the Post-9/11 GI Bill may be based. 

In addition, in correspondence from the Department of Defense (DoD), it was noted that the appellant did not have any qualifying active duty service under the Post-9/11 GI Bill. DoD confirmed that the appellant attended USAFPS in cadet status from July 18, 2012 to June 26, 2013 and found that this period was not qualifying, as it was in preparation for his service at the Air Force Academy. DoD reported that the appellant would have incurred a 5-year service obligation after his commissioning date before obtaining any qualifying time for the Post-9/11 GI Bill. 

In light of the foregoing, the Board concludes that even if the appellant was a cadet at the United States Military, Air Force, or Coast Guard Academy, or as a midshipman at the United States Naval Academy, which is characterized as active duty service (see 38 U.S.C.A. § 101(21)(D)), such service would not be creditable active duty service for the purpose of establishing eligibility to VA educational benefits under the Post-9/11 GI Bill. 38 U.S.C.A. § 3002(6)(d). 

He has also indicated that his fellow airmen at the USAFAPS were entitled to benefits under the Post-9/11 GI Bill based on their service at the USAFAPS. Although the appellant is competent to report what he was told by his colleagues and personnel at the USAFAPS regarding whether service at the USAFAPS is qualifying service for the purpose of establishing entitlement to eligibility for VA education benefits, and the Board finds him credible in that regard, the aforementioned statutes and regulations relevant to establishing eligibility to VA education benefits under the Post-9/11 GI Bill are controlling and dispositive in this case. 

Moreover, in correspondence received from the DoD it was found that the appellant did not have a period of qualifying service to establish eligibility to VA education benefits under the Post-9/11 GI Bill. It is noted that the United States Court of Appeals for Veterans Claims has held that a service department determination as to an individual's service shall be binding on VA. Duro v. Derwinski, 2 Vet. App. 530 (1992); Dacoron v. Brown, 4 Vet. App. 115, 120 (1993). 

Although the Board is sympathetic toward the appellant, the Board is bound by law, and its decision is dictated by the relevant statutes and regulations. Moreover, the Board is without authority to grant benefits simply because it might perceive such a grant to be equitable. See Harvey v. Brown, 6 Vet. App. 416, 425 (1994). The Board also observes that "no equities, no matter how compelling, can create a right to payment out of the United States Treasury that has not been provided for by Congress." Smith v. Derwinski, 2 Vet. App. 429, 432-33 (1992).

In light of the foregoing, the Board finds that the appellant does not have the requisite qualifying active service for the purpose of entitlement to basic eligibility for educational assistance under Chapter 33, Title 38, United States Code (Post-9/11 GI Bill) and his claim must therefore be denied. In reaching this conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

ORDER

Basic eligibility for educational assistance under Chapter 33, Title 38, United States Code (Post-9/11 GI Bill) is denied.

____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs