NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YOLANDA S. GEIREN,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3163

---

Petition for review of the Merit Systems Protection Board in case no. CH0752100958-I-1.

---

Decided: April 6, 2012

---

YOLAND S. GEIREN, of Naperville, Illinois, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

Yolanda S. Geiren appeals the Merit Systems Protection Board's ("Board") decision affirming the administrative judge's ("AJ") dismissal of her appeal for lack of jurisdiction. We affirm the Board's decision because Ms. Geiren is not a preference-eligible veteran.

Ms. Geiren was employed by the U.S. Postal Service from December 1989 until January 2007, when she was removed from her position as a mail handler for being absent without official leave. In September 2008, Ms. Geiren contacted the Postal Service's equal employment opportunity office and filed a formal discrimination complaint, which the agency dismissed in November 2008 as untimely. Ms. Geiren appealed to the Equal Employment Opportunity Commission, which affirmed the agency's dismissal of the complaint as untimely.

Ms. Geiren appealed to the Board. The AJ issued two orders. In the first order, the AJ advised Ms. Geiren that, as a non-supervisory Postal Service employee, she was required to be a preference-eligible veteran for the Board to exercise jurisdiction over her appeal. The AJ ordered Ms. Geiren to file evidence and/or argument to prove that her appeal was within the Board's jurisdiction. In the second order, the AJ advised Ms. Geiren that her appeal might be untimely filed and ordered her to submit evidence and/or argument demonstrating that good cause existed for any delay in the filing of the appeal.

Ms. Geiren responded to both orders. To support her claim that she was a veteran, Ms. Geiren referred to her Form DD214, a certificate of release or discharge from active duty. The Form DD214 indicates that Ms. Geiren participated in initial active duty training with the Army Reserve for about four months in 1989. Ms. Geiren, however, did not address whether she was a preference-

eligible veteran. Ms. Geiren also argued, for reasons irrelevant here, that her appeal was timely.

The Postal Service responded to Ms Geiren's submissions by moving to dismiss for lack of jurisdiction on the grounds that Ms. Geiren was not a preference-eligible veteran and that her appeal was untimely. In an initial decision, the AJ dismissed the appeal because the AJ concluded that Ms. Geiren's reserve training did not qualify her for preference eligibility. Because Ms. Geiren was not preference eligible, the AJ found, she lacked any appeal rights to the Board. The AJ declined to address the timeliness issue because the AJ believed the jurisdictional ruling disposed of the matter.

Ms. Geiren appealed the initial decision to the full Board. In its final order, the Board agreed with the AJ that the Board lacked jurisdiction because Ms. Geiren was not preference eligible and, consequently, lacked appeal rights. The Board also agreed that the AJ was correct to decline to address the timeliness issue. According to the Board, where lack of jurisdiction is clear, an appeal should be dismissed on the basis of jurisdiction rather than timeliness. *Geiren v. U.S. Postal Serv.*, No. CH-0752-10-0958-I-1 at 3 (Final Order Apr. 27, 2011) (citing *Beaudette v. Dep't of Treasury*, 100 M.S.P.R. 353 ¶ 11 (2005); *Epps v. U.S. Postal Serv.*, 70 M.S.P.R. 188, 190 (1996); *Rolon v. Dep't of Veterans Affairs*, 53 M.S.P.R. 362, 365 (1992)). Finding no legal error in the AJ's analysis or new, previously unavailable evidence in the record, the Board affirmed the AJ's initial decision.

On appeal to this court, Ms. Geiren argues that the Board erred when it found that her status as a veteran did not secure her appeal rights. We agree with the Board that it lacked jurisdiction because Ms. Geiren is not a preference-eligible veteran.

Only federal "employees," as defined by statute, are authorized to appeal an adverse personnel action to the Board. 5 U.S.C. § 7513(d). Only certain Postal Service employees fall within the definition of those "employees" with appeal rights. 5 U.S.C. § 7511(b)(8). The Postal Service employees who enjoy appeal rights are those who (1) are a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed one year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a); *Fitzsimmons v. U.S. Postal Serv.*, 99 M.S.P.R. 1, 3 (2005). There was no dispute below that Ms. Geiren, a former mailer handler, was not a supervisory employee or one who engaged in personnel work in other than a purely nonconfidential clerical capacity.[1] Ms. Geiren, therefore, qualifies as an employee with appeal rights only if she (1) completed one year of current continuous service in the same or similar positions, and (2) she is entitled to veterans' preference. 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a).

---

[1] Ms. Geiren states in her informal brief that a supervisor qualifies for appeal rights. Appellant's Br. 1. To the extent Ms. Geiren argues that she worked in a supervisory capacity at the Postal Service—an argument that she would appear to be raising for the first time before this court—that argument fails. The Board must receive evidence to determine whether a petitioner has proven by preponderant evidence that she was a supervisory employee. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1320 (Fed. Cir. 1998). To qualify as a supervisor, an employee, generally, must demonstrate that she exercised authority to discharge or discipline others, or that her own performance evaluation was based on the performance of her subordinates. *Id.* at 1318. The record contains no evidence from which the Board could have found that Ms. Geiren was a supervisory employee.

The Board correctly found that Ms. Geiren does not satisfy those requirements. While there is no dispute that Ms. Geiren completed at least one year of continuous service with the Postal Service, the evidence in the record indicates that Ms. Geiren is not a preference-eligible veteran. The statute defining veterans' preference provides that veterans who served on "active duty" are eligible for preference. 5 U.S.C. § 2108(1). The term "active duty" is defined as "full-time duty in the Armed Forces, *other than active duty for training.*" 38 U.S.C. § 101(21)(A) (emphasis added). The term "active duty for training," in turn, is defined as "full-time duty in the Armed Services performed by Reserves for training purposes." 21 U.S.C. § 101(22)(A), (26), (27)(A). Thus, the statute expressly excludes reserve training from the type of service that qualifies a veteran for preference. *Cf. Burrow v. Nicholson*, 245 F. App'x 972, 973 (Fed. Cir. 2007) (noting that Department of Veterans Affairs regulations distinguish active duty from Army Reserve service). Ms. Geiren's Form DD214 indicates that she participated only in initial active duty training with the Army Reserve for about four months. There is no evidence that she served in any capacity other than reserve training. Ms. Geiren, therefore, cannot claim that she is a preference-eligible veteran.

In her informal brief, Ms. Geiren argues that "the law states a veteran qualifies under the requirements of MSPB." Appellant's Br. 1. Ms. Geiren fails to take into account the preference-eligibility requirement. As we have explained above, not all veterans have the right to appeal; only preference-eligible veterans do. Ms. Geiren's four months of reserve service is insufficient to make her eligible for veterans' preference.

We also agree with the Board that the AJ did not err when the AJ declined to address the timeliness issue in

the absence of finding jurisdiction over the appeal. The Board must consider, as a threshold issue, whether it may exercise jurisdiction. *Rolon*, 53 M.S.P.R. at 365. When it is clear that the Board lacks jurisdiction, the Board may dismiss an appeal for lack of jurisdiction without deciding whether the appeal was timely filed. *Epps*, 100 M.S.P.R. at 190. *Epps* is similar to this case. There, the AJ dismissed the petitioner's appeal because it was untimely filed. *Id.* The Board affirmed the dismissal, but on the alternative ground that the Board lacked jurisdiction because the petitioner was not a preference-eligible veteran. *Id.* The Board has taken a similar approach in other cases. *See Rolon*, 53 M.S.P.R. at 365 (dismissing appeal for lack of jurisdiction rather than the timeliness grounds relied upon by the AJ where the petitioner forfeited his appeal rights by pursuing a negotiated grievance procedure); *Beaudette*, 100 M.S.P.R at 358-59 (dismissing appeal for lack of jurisdiction rather than timeliness where the Board lacked jurisdiction to review an agency's decision to upgrade the petitioner's position and the agency's failure to select the appellant for the upgraded position).

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; it is obtained without following procedures required by law, rule, or regulation; or it is unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Serv.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). For the foregoing reasons, we find no legal error in the Board's decision and find it to be supported by substantial evidence. The Board's decision is affirmed.

**AFFIRMED**

## Costs

Each party shall bear its own costs.