NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILSON H. ESTRADA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2113

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-20-0563-I-1.

---

Decided:  May 20, 2025

---

WILSON H. ESTRADA, Miami, FL, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before HUGHES, BRYSON, and STARK, *Circuit Judges.*

PER CURIAM.

Wilson Estrada appeals a decision of the Merit Systems Protection Board that determined it lacked jurisdiction to hear Mr. Estrada's case. We affirm.

I

In our companion opinion issued concurrently with this opinion, *Estrada v. MSPB* (*Estrada I*)*,* No. 24-2112, slip op. at 5 (Fed. Cir. May 20, 2025), we affirmed the Board's decision that it lacked subject matter to consider Mr. Estrada's proposed removal claim. As explained in *Estrada I,* "[t]he administrative judge docketed separate appeals to adjudicate Mr. Estrada's proposed removal and proposed suspensions." *Id.* at 2–3. This case concerns the appeal of Mr. Estrada's proposed 15-day suspension.

On June 11, 2020, the administrative judge issued an order explaining that the Board generally lacks jurisdiction over proposed actions, but that if Mr. Estrada was attempting to appeal the suspension decision, the Board may have jurisdiction. S.A. 80–81.[1] The administrative judge also informed Mr. Estrada that his appeal appeared to be untimely filed. S.A. 77. The order required Mr. Estrada to file, within 20 days, a response clarifying the nature of his appeal, whether the Board had jurisdiction, and whether his appeal was timely. S.A. 77–83. On July 14, 2020, Mr. Estrada filed three untimely responses, *see* S.A. 25–50; S.A. 51–61; S.A. 62–75, which the administrative judge did not consider because he concluded that Mr. Estrada did not show good cause for the delay in filing, S.A. 10–11.

On July 14, 2020, the administrative judge issued an initial decision dismissing Mr. Estrada's proposed 15-day suspension appeal as untimely and for lack of jurisdiction. S.A. 8–9. Regarding timeliness, the administrative judge noted that the proposed suspension was issued on

---

[1]    References to S.A. refer to the Supplemental Appendix filed with the agency's brief.

February 23, 2018, but Mr. Estrada "did not provide notice of his intention to appeal this matter to the Board until nearly two years later on January 15, 2020." S.A. 11. The administrative judge noted that Mr. Estrada "did not respond to the Board's Order directing him to explain this lengthy delay, and [found] no evidence in the record that the delay was justified by good cause." S.A. 11. The administrative judge dismissed the appeal based on untimely filing and determined that "[e]ven if the appeal was not dismissed based on untimely filing without good cause, the appeal would nonetheless be dismissed for lack of jurisdiction." S.A. 11.

Mr. Estrada timely filed an administrative petition for review with the Board. S.A. 1, 24. On July 3, 2024, the Board issued a Final Order denying the petition for review and affirming the administrative judge's initial decision. S.A. 1–7. This timely appeal of the Board's final decision followed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We must "hold unlawful and set aside any agency . . . findings" that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review de novo the Board's determination that it lacks jurisdiction. *Forest v. MSPB*, 47 F.3d 409, 410 (Fed. Cir. 1995).

III

On appeal, it is unclear what challenges Mr. Estrada raises with respect to the Board's final determination. Mr. Estrada does not argue that the administrative judge made any error of fact or law in dismissing his proposed removal appeal for lack of jurisdiction. Instead, Mr. Estrada argues that the "MSPB never cared but played a

corrupt game with [his] case," that he was mistreated and subjected to a "toxic environment" at the agency, and that the "MSPB is defending the SSA corruption." Pet. Br. 2. Thus, he does not appear to challenge the Board's determination that it lacked jurisdiction. But even if he had challenged the Board's determination, the Board properly concluded that it lacks jurisdiction to hear Mr. Estrada's case.

Under 5 U.S.C. § 7512, adverse actions appealable to the Board include "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." Here, Mr. Estrada appears to have attempted to appeal his *proposed* 15-day suspension. But "[b]ecause mere proposals to remove are not listed in § 7512, they are not appealable adverse actions in themselves and the Board has no jurisdiction over them." *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (*en banc*) (citation omitted). Thus, we affirm the Board's decision that it lacked jurisdiction to consider Mr. Estrada's proposed 15-day suspension claim.

Because the Board correctly determined that it lacked jurisdiction, we need not consider whether Mr. Estrada's claim was timely. *See Geiren v. MSPB*, 476 F. App'x 256, 259 (Fed. Cir. 2012) ("When it is clear that the Board lacks jurisdiction, the Board may dismiss an appeal for lack of jurisdiction without deciding whether the appeal was timely filed.").

### IV

Because the Board lacked jurisdiction to hear Mr. Estrada's case, we affirm.

**AFFIRMED**

**COSTS**

No costs.