NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILSON H. ESTRADA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2112

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-20-0160-I-1.

---

Decided: May 20, 2025

---

WILSON H. ESTRADA, Miami, FL, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before HUGHES, BRYSON, and STARK, *Circuit Judges.*

PER CURIAM.

Wilson Estrada appeals a decision of the Merit Systems Protection Board that determined it lacks jurisdiction to hear Mr. Estrada's case. We affirm.

I

Mr. Estrada was formerly employed as a Claims Specialist with the Social Security Administration's Miami South Field Office in Miami, Florida. S.A. 61.[1] Based on two charges of alleged misconduct, Mr. Estrada received proposed suspensions and a Notice of Proposed Removal. S.A. 8 n.1, 9. On June 20, 2018, the agency issued a decision to remove Mr. Estrada. S.A. 9. On or about November 1, 2019, Mr. Estrada filed an appeal with the Merit Systems Protection Board. S.A. 25, 67–69.

On December 12, 2019, the agency filed a motion seeking an Order from the Board directing Mr. Estrada "to clarify exactly what issues the appellant is trying to bring through this appeal, whether they fall within the Board's jurisdiction, and whether they are timely." S.A. 42. On January 6, 2020, the administrative judge granted the agency's motion, directing him to (1) "identify each issue he [was] attempting to raise through [his] appeal," (2) provide argument and evidence concerning whether (and if so, how) each issue was previously raised in any other forum, and (3) "address whether any issue he [was] raising was timely filed, and, if not, whether circumstances warrant[ed] waiving the filing deadline for the issue." S.A. 42–43. Mr. Estrada responded with numerous pleadings in which he appeared to indicate that he was appealing (1) his proposed removal, (2) a proposed 15-day suspension, and (3) a proposed 25-day suspension. *See* S.A. 28–41; *see also* S.A. 11. Mr. Estrada did not address the timeliness of his appeals in his pleadings. *See* S.A. 28–41; *see also* S.A. 12–13. The

---

[1] References to S.A. refer to the Supplemental Appendix filed with the agency's brief.

administrative judge docketed separate appeals to adjudicate Mr. Estrada's proposed removal and proposed suspensions. S.A. 11. This case concerns the appeal of Mr. Estrada's proposed removal.[2]

On June 1, 2020, the administrative judge issued an initial decision dismissing Mr. Estrada's proposed removal appeal for lack of jurisdiction. S.A. 12, 14. The administrative judge found that the Board's jurisdiction is limited to adverse actions set forth in 5 U.S.C. § 7512, which does not include proposed actions. S.A. 12. The administrative judge also concluded that even if the Board had jurisdiction to consider Mr. Estrada's appeal, it "must nonetheless be dismissed as untimely without good cause." S.A. 12.

Mr. Estrada filed an administrative petition for review with the Board. S.A. 1, 27. On July 3, 2024, the Board issued a Final Order denying the petition for review and affirming the initial decision. S.A. 1–7.

Mr. Estrada timely appealed the Board's final decision. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We must "hold unlawful and set aside any agency . . . findings" that are "(1) arbitrary, capricious, an abuse of

---

[2] Mr. Estrada separately appealed the Board's final decision dismissing his removal appeal alleging discrimination. On December 10, 2024, we transferred that matter to the United States District Court for the Southern District of Florida because we concluded we did not have jurisdiction over that appeal. *See Estrada v. MSPB*, No. 24-2111, 2024 WL 5055182 (Fed. Cir. Dec. 10, 2024) (order transferring matter and all case filings to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631).

discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review de novo the Board's determination that it lacks jurisdiction to adjudicate a case. *Forest v. MSPB*, 47 F.3d 409, 410 (Fed. Cir. 1995).

## III

On appeal, it is unclear what challenges Mr. Estrada raises with respect to the Board's final determination. Mr. Estrada does not argue that the administrative judge made any error of fact or law in dismissing his proposed removal appeal for lack of jurisdiction. Instead, Mr. Estrada argues that the "MSPB never cared but played a corrupt game with [his] case," that he was mistreated and subjected to a "toxic environment" at the agency, and that the "MSPB is defending the SSA corruption." Pet. Br. 2. Thus, he does not appear to challenge the Board's determination that it lacked jurisdiction. But even if he had challenged the Board's determination, the Board properly concluded that it lacks jurisdiction to hear Mr. Estrada's case.

Under 5 U.S.C. § 7512, adverse actions appealable to the Board include "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." Here, Mr. Estrada appears to have attempted to appeal his *proposed* removal. But "[b]ecause mere proposals to remove are not listed in § 7512, they are not appealable adverse actions in themselves and the Board has no jurisdiction over them." *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (*en banc*) (citation omitted). Thus, we affirm the Board's decision that it lacked jurisdiction to consider Mr. Estrada's proposed removal claim.

Because the Board correctly determined that it lacked jurisdiction, we need not consider whether Mr. Estrada's

claim was timely. *See Geiren v. MSPB*, 476 F. App'x 256, 259 (Fed. Cir. 2012) ("When it is clear that the Board lacks jurisdiction, the Board may dismiss an appeal for lack of jurisdiction without deciding whether the appeal was timely filed.").

IV

Because the Board properly concluded that it lacks jurisdiction to hear Mr. Estrada's case, we affirm.

**AFFIRMED**

COSTS

No costs.